# Authority of the Advisory Board for Cuba Broadcasting to Act in the Absence of a Presidentially Designated Chairperson

The advisory Board for Cuba Broadcasting has the authority to meet and to conduct business without a presidentially designated chairperson or an acting chairperson.

The advisory Board for Cuba Broadcasting does not have the authority to elect an acting chairperson.

January 4, 2000

MEMORANDUM OPINION FOR THE ADVISORY BOARD FOR CUBA BROADCASTING

You have asked for our opinion whether the Advisory Board for Cuba Broadcasting ("Board"), in the absence of a presidentially designated chairperson, may discharge its statutory responsibilities with a Board-elected acting chairperson.[1] Your letter indicates that the Board has attempted to meet with an acting chairperson whom the Board elected, but that these meetings have not taken place because the USIA and the International Broadcasting Board ("IBB") have declined to authorize the necessary travel orders. According to your letter, the USIA and the IBB did not authorize travel orders because they believe that the Board lacks authority to function without a presidentially designated chairperson.

Although your letter is somewhat ambiguous on the point, your framing of the issue appears to assume that the Board's ability to elect an acting chairperson is an essential condition for it to operate in the absence of a presidentially designated chairperson. Because we do not think it necessarily follows that the Board may meet and conduct its business only if there is a presidentially designated chairperson or an acting chairperson, we consider separately (1) whether the Board may carry out its statutory duties without a presidentially designated chairperson or an acting chairperson and (2) whether the Board has the authority to elect an acting chairperson. We conclude that the Board may meet and conduct business in the absence of a presidentially designated chairperson or an acting chairperson. We also conclude that the Board has no authority to elect an acting chairperson.

## I. Background

The Board was established under section 5 of the Radio Broadcast to Cuba Act. Pub. L. No. 98–111, § 5, 97 Stat. 749, 750–51 (1983) (codified as amended at 22 U.S.C.A. § 1465c (West Supp. 1999)).[2] It consists of nine members

---

[1] See Letter for Randolph D Moss, Acting Assistant Attorney General, Office of Legal Counsel, from Christopher D Coursen, Board (June 7, 1999). In addition to the views expressed in your letter, we have also considered the views of the United States Information Agency ("USIA"), which it provided at our request See Letter for Randolph D Moss, Acting Assistant Attorney General, Office of Legal Counsel, from Les Jin, General Counsel, USIA (Oct. 1, 1999).

[2] The statutory provisions governing the Board, as amended, are collectively referred to as the "Act" in this memorandum

24

appointed by the President, with the advice and consent of the Senate. 22 U.S.C.A. § 1465c(a). The President designates one member to serve as chairperson. *Id.* The members are appointed to terms of three years and may continue to serve at the expiration of their terms until successors are appointed and qualified. *Id.* § 1465c(c).

Under the Act, the Board is to "review the effectiveness of the activities carried out under this subchapter [relating to radio broadcasting to Cuba] and the Television Broadcasting to Cuba Act and shall make recommendations to the President and the Broadcasting Board of Governors as it may consider necessary." *Id.* § 1465c(b). According to your letter, the Board conducts business through periodic meetings at which a quorum gathers to address issues within the Board's statutory purview. Because members of the Board are located throughout the country, it is necessary to provide travel orders to pay for members to attend these meetings.

Jorge Mas Canosa, who was the presidentially designated chairperson, died on November 23, 1997.[3] Since Mr. Mas's death, the Board has been without a presidentially designated chairperson. Nevertheless, it held two meetings, one in December 1997 and a second in February 1998, presided over by a member designated by the Board. On April 15, 1998, the Board voted to elect an acting chairperson to assume the functions otherwise performed by a presidentially designated chairperson. The Board has not met since that time, however, because the USIA and the IBB have rejected the Board's requests for travel orders on the ground that the Board lacks authority to function in the absence of a presidentially designated chairperson.

## II. Authority of the Board to Conduct Business Without a Chairperson

We believe that, under the Act and general principles regarding the operation of boards, the Board has the authority to meet and to conduct business without either a presidentially designated or an acting chairperson. The Act vests the Board as a whole, rather than any individual member, with the authority and responsibility to carry out the statutory functions for which it was created:

> The Board shall review the effectiveness of the activities carried out under this subchapter and the Television Broadcasting to Cuba Act and shall make recommendations to the President and the Broadcasting Board of Governors as it may consider necessary.

22 U.S.C.A. § 1465c(b). In contrast, the Act assigns to the chairperson the single, managerial function of appointing the staff director for the Board. *See* Pub. L. No. 101–246, § 245(d), 104 Stat. 15, 62 (1990), as amended, *reprinted in* 22

---

[3] The factual background discussed in this paragraph is based on the facts as described in your letter requesting our opinion. *See supra* note 1.

U.S.C.A. § 1465c note. There is no suggestion in the language of the Act — let alone any express statement — that the Board is prohibited from meeting or conducting business without a presidentially designated or acting chairperson.

More generally, the Act expresses Congress's intent that the Board's operations not be terminated. In addition to providing that members of the Board may continue to serve after their terms have expired, 22 U.S.C.A. § 1465c(c), the Act states that, "[n]otwithstanding any other provision of law, the Board shall remain in effect indefinitely." *Id.* § 1465c(g).

Furthermore, no general principle prohibits the Board from meeting and acting in the absence of a chairperson. To the contrary, where no statutory provision or regulation expressly restricts a board's ability to meet or act, governing principles support the authority of that board to continue to carry out its functions. For example, this Office applied the principle "that the basic premise governing deliberative bodies is that the majority rules" when we resolved a dispute between members of the Architectural and Transportation Barriers Compliance Board ("Compliance Board") and its chairperson over the authority to call an additional meeting of the Compliance Board. *See* Letter for Mason H. Rose V, Chairperson, United States Architectural and Transportation Barriers Compliance Board at 2 (Sept. 17, 1981). Citing a Compliance Board rule under which "[e]mergency meetings of the Board shall be called by the Chairperson to deal with important matters arising between regular meetings which require urgent action," the chairperson argued that only he could call an additional meeting (unless the Board suspended the rules). *Id.* We distinguished the cited rule, since it addressed only emergency meetings and the members were seeking to call an additional, non-emergency meeting. *Id.* at 2–3. In addition, however, we considered the purpose and effect of the cited rule and concluded, against the backdrop of the majority-rule principle, that it was not intended to limit the Compliance Board's authority to call an emergency meeting. Rather, it was intended to set up an alternative mechanism to allow the chairperson to call an emergency meeting when circumstances, as a practical matter, prevented the board from doing so. *Id.* We then went on to consider whether, irrespective of the rule, the Compliance Board had the authority to call an additional, non-emergency meeting even though its rules only expressly provided for regular meetings and for emergency meetings. We concluded that the lack of an authorizing rule did not limit the Compliance Board's authority: "It would . . . be anomalous to conclude that the Board cannot deal with the situation because the rules are silent on the right to call an additional non-emergency meeting, however denominated. Giving credit to the presumption of majority rule stated at the outset, we conclude that a majority of the Board may act to do so." *Id.* at 4.[4]

---

[4] In contrast to the broad, general power of a board to act, a chairperson's authority is circumscribed It includes only powers expressly provided by statute, powers delegated by the board, and, perhaps, a limited set of powers inferred from the nature of being a chairperson *See, e.g.*, Memorandum for Susan Martin, Executive Director, National Commission on Libraries and Information Science, from John O. McGinnis, Deputy Assistant Attorney

Similarly, applying general principles regarding a board's authority to act, we opined that the Federal Home Loan Bank Board ("FHLBB") could meet and act when it had no chairperson. *Federal Home Loan Bank Board — Chairman — Vacancy — Reorganization Plan No. 3 of 1947 (5 U.S.C. App. 1), Reorganization Plan No. 6 of 1961 (5 U.S.C. App.)*, 3 Op. O.L.C. 283, 284 (1979) ("Federal Home Loan Bank Board Opinion"). In the absence of any specific statutory language barring the FHLBB from meeting and conducting business without a chairperson, we looked to the general principles of corporate common law to inform our decision. Under those common law principles, "business transacted at a meeting of a corporate board is valid so long as there is sufficient notice to the board members enabling them to attend, or if, in fact, all the members did attend," whether or not the board has a chairperson. *Id.* at 284 (citation omitted).[5] Accordingly, we concluded that, after the resignation of the chairperson of a three-person board, "if a meeting is held by the other two board members any action taken at such meeting may not properly be challenged on the ground that the calling of the meeting was not in conformance with the [statutory] plan." *Id.*[6]

## III. Authority of the Board To Elect an Acting Chairperson

Although the Board has the authority to meet and to conduct business in the absence of a presidentially designated chairperson, we do not believe that it has either express or inherent authority to elect an acting chairperson. The only express grant of authority to designate a chairperson is given to the President. *See* 22 U.S.C.A. § 1465c(a) ("The President shall designate one member of the Board to serve as chairperson."). There is no suggestion in any provision of the Act that the Board has any authority or role in determining who will be the chairperson or in designating an acting chairperson. *Cf. George v. Ishimaru*, 849 F. Supp. 68 (D.D.C. 1994) (concluding that the commissioners had a role in designating the acting staff director because the underlying statutory scheme expressly provided that a staff director could not be appointed by the President without the

---

General, Office of Legal Counsel, *Re Relationship Between Nat'l Comm'n on Libraries and Info Science and Advisory Comm. to White House Conference on Library and Info Services* at 6–7 (Feb. 12, 1990)

[5] With regard to these common law rules, *see, e g ,* 2 William Meade Fletcher et al , *Fletcher Cyclopedia of the Law of Private Corporations* §§ 392, 404, 411 (perm ed rev vol 1998), William J Grange, *Corporation Law for Officers and Directors: A Guide to Correct Procedure* 383, 385 (1935) *See also* General Henry M Robert, *Robert's Rules of Order: Newly Revised* § 46, at 440 (9th ed 1990) (noting that meetings may be chaired by persons other than the chairperson)

[6] The principal functions assigned to chairpersons generally are presiding at meetings and, to a lesser extent, calling meetings As discussed above, we do not believe that the Act or any general principle regarding the operation of boards requires that these functions be performed only by a chairperson. Even if such a principle generally existed, however, it would be overcome with regard to advisory committees since the Federal Advisory Committee Act provides a potential statutory alternative to performance of these functions by a chairperson *See* Federal Advisory Committee Act § 10(e), *reprinted in* 5 U S C. app. at 1376 (1994) ("There shall be designated an officer or employee of the Federal Government to chair or attend each meeting of each advisory committee."), *id.* § 10(f) ("Advisory committees shall not hold any meetings except at the call of, or with the advance approval of, a designated officer or employee of the Federal Government . .")

concurrence of a majority of the commission), *vacated as moot*, No. 94–5111, 1994 WL 517746 (D.C. Cir. Aug. 25, 1994).

Furthermore, we do not believe that an authority of the Board to designate an acting chairperson is implied by the statutory structure as a whole. In the absence of a specific provision to the contrary, "it should be assumed that the power to designate an Acting Chairman remains in the President," when the President has exclusive authority under that act to designate the chairperson. *Federal Home Loan Bank Board Opinion*, 3 Op. O.L.C. at 283. While it might be possible that this presumption could be rebutted if a statute expressed a clear congressional intent for a board to operate without interruption and the appointment of an acting chairperson by the board was necessary to prevent such an interruption, we need not consider that question here. Because, as discussed in Part II, the Board is able to operate without an acting chairperson, an authority of the Board to designate an acting chairperson cannot be inferred from necessity.[7]

## IV. Conclusion

Although the Board does not have the authority to elect an acting chairperson, it may meet and conduct business without a presidentially designated or an acting chairperson.

DANIEL L. KOFFSKY
*Acting Deputy Assistant Attorney General*
*Office of Legal Counsel*

---

[7] It does not follow from the conclusion that the Board may not designate an acting chairperson that it also may not elect someone to chair a particular meeting. The authority to designate a chairperson and the authority to designate someone to preside at a particular meeting are not the same. Members of deliberative bodies may routinely preside at meetings in the absence of the chairperson. *See Robert's Rules of Order: Newly Revised* § 46, at 440 We express no view, however, on any possible effect § 10(e) of the Federal Advisory Committee Act may have on the applicability of this general practice to advisory committees Furthermore, we do not address in this opinion the specific procedures through which the Board may meet and conduct business in the absence of a chairperson.